UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                                     :

FABIO MASSIMO GAMMACURTA,              :

                                                                     :     Index No.: 13-CV-2372(LTS)

                          Plaintiff,              :           ECF Case

                                                                      :

                         -against-             :

                                                                      :     **COMPLAINT**

IBN JASPER A/K/A FM PHENOMENAL A/K/A  :
FERRARI MURAKAMI and KANYE WEST,     :

                         Defendants.          :

                                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Plaintiff, Fabio Massimo Gammacurta ("Gammacurta" or "Mr. Gammacurta"), by his attorneys Rothfarb Law, PLLC, as and for his Complaint against Defendants Ibn Jasper a/k/a FM Phenomenal a/k/a Ferrari Murakami ("Jasper") and Kanye West ("West") (collectively, "Defendants"), alleges, with knowledge with respect to his own acts and upon information and belief with respect to all other matters, as follows:

### NATURE OF THE ACTION

1.     This is an action for copyright infringement arising out of Defendant Jasper's unauthorized copying of a photograph from Plaintiff Gammacurta's "Lolli-Pop" still-life conceptual art project involving iconic brand symbols made from candy (the "Work"), and placement of the Work on Defendant West's blog (www.kanyeuniversecity.com) and other websites for download as the cover art for his mixed tape "F.M. Phenomenal Ziptape Vol. 1: It's Gucci Time" (the "Mixed Tape").

## THE PARTIES

2.  Plaintiff Gammacurta is a talented and highly regarded Italian artist and photographer whose work has appeared in numerous publications throughout the world, including Forbes, Esquire UK, and Details.  Mr. Gammacurta has also created advertisements for many companies, including Nike, Hennessy XO, and Alizé.  Mr. Gammacurta has received many awards, including first and second place at the International Photo Awards, the Public Choice Award at the PX3 Prix de la photographie Paris, the Surface Magazine Award, first place for beauty/fashion at the PDN Pix Digital Award, a Jasmine Award, and an SPD Award.

3.  In addition to his commercial work, Mr. Gammacurta also creates conceptual art, which has been commissioned for display in galleries worldwide.  In 2009, Mr. Gammacurta created "Sweet Fashion," a project involving intricate sculptures of iconic brand symbols made from candy.  A book of Mr. Gammacurta's photographs of these sculptures is currently being sold with great success under the title "Lolli-Pop."

4.  Plaintiff Gammacurta is a resident of New Jersey with his principal place of business at in South Orange, NJ 07079.

5.  Plaintiff Gammacurta is the copyright registrant for the Work, and is authorized to license and distribute copies of the Work.

6.  Defendant Jasper is an image consultant, stylist, and barber, and a close affiliate or employee of Defendant West.  Defendant Jasper is a resident of California and regularly transacts business in New York.  Defendant Jasper knowingly and willfully placed unauthorized copies of Plaintiff's Work on various websites for download as the cover to his "F.M. Phenomenal Ziptape Vol. 1:  It's Gucci Time" mixed tape.  Defendant Jasper maintains a blog at http://ferrarimurakami.blogspot.com.

7. Defendant West is a well-known rapper, singer, songwriter and record producer. Upon information and belief, Defendant West has a residence in New York and has a principal place of business in New York. Defendant West previously maintained a blog at www.kanyeuniversecity.com.

## JURISDICTION AND VENUE

8. This court has original and exclusive jurisdiction of this action under 28 U.S.C. § 1338(a) because the action arises under the Copyright Act, 17 U.S.C. §§ 101 et seq.

9. Defendant Jasper is subject to personal jurisdiction in New York as he transacts business within New York State and posted the Work on the various websites for download in New York as part of the back and front cover art for his mixed tape (the "Infringing Work").

10. Defendant West is subject to personal jurisdiction in New York as he transacts business within New York State and owns real property situated within the state.

11. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 since Defendants or their agents are subject to personal jurisdiction in this jurisdiction, and a substantial portion of the acts from which this action arises occurred in New York.

## FACTS

12. Plaintiff is the owner of the copyright for the Work, covered by Registration Certificate No. VAu990-609, with an effective registration date of March 25, 2009, issued by the United States Copyright Office. A true and correct copy of the certificate of registration is attached to this Complaint as Exhibit 1.

13. After attending shows at Fashion Week in 2009, Plaintiff Gammacurta embarked on his still-life conceptual art project "Sweet Fashion," involving photographs of fashion icon logos as lollipops.

14. Plaintiff Gammacurta posted the photographs from his "Sweet Fashion" project on his website www.gammacurta.com in or around March 2009. These photographs included the Work that is at issue (shown below as Figure A).



**Figure A: Gucci Juicy Pomegranate**

15. Following the release of the "Sweet Fashion" photographs on his website, Plaintiff Gammacurta and the Work were featured in a numerous blogs and print publications through the rest of 2009 and into 2010. Plaintiff Gammacurta authorized the use of his photographs for uses that promoted his art.

16. Access to the Work can be inferred because (a) there is a substantial similarity between the Work and the Infringing Work; and (b) the Work (as part of "Sweet Fashion") was previously mentioned on Defendant West's website by a blogger.

17. On or about April 10, 2010, Defendant Jasper published the Infringing Work on his blog http://ferrarimurakami.blogspot.com as the cover art for his mixed tape "F.M. Phenomenal Ziptape Vol. 1: It's Gucci Time". (Attached as Exhibit 2.)

18. On or about April 11, 2010, Defendant West published the Infringing Work on his blog http://www.kanyeuniversecity.com to promote Defendant Jasper's Mixed Tape. (Attached as Exhibit 3.)

19. Both Defendants Jasper and West provided links on their blogs to download the Infringing Work as part of Defendant Jasper's Mixed Tape.

20. The Infringing Work was downloaded at least 1400 times in 2010, including by individuals in New York.

21. The Infringing Work was further copied and republished by a number of other blogs related to Defendants' promotion of Defendant Jasper's mixed tape, for example, at http://thehiphopupdate.com/mixtape/ibn-jasper-ziptape-vol-1-its-gucci-time/ and http://ddot010.blogspot.com/2010/07/fm-phenomenal-ziptape-vol-1-its-gucci.html.

22. As can be seen by a review of the images of the Work and the Infringing Work, the Infringing Work is substantially similar to the Work.



Plaintiff's Work                              Defendant Jasper's Infringing Work: Front




Plaintiff's Work                    Defendant Jasper's Infringing Work: Back

23.     Plaintiff's Work is a photograph of a stylization of the GUCCI fashion brand logo as a luscious, shiny and tempting dark fuchsia candy lollipop.  Defendant Jasper's Infringing Work simply takes the top portion of the lollipop, without the lollipop stick, and adds the words "IT'S" on above and "TIME" below.  As can be seen by a comparison of the images, the top portions of the lollipops are identical in coloring, texture and detail.  (Attached as Exhibits 4 and 5, respectively.)

24.     The numerous, striking similarities between the Work and the Infringing Work are the result of deliberate and willful infringement by Defendant Jasper.

25.     As described above, Defendant Jasper has plainly and improperly misappropriated Plaintiff Gammacurta's Work, which is protected by a registered copyright, and has improperly offered the Work for download, and has used the Work to promote his Mixed Tape without authorization.

26.     Defendant West has aided and abetted Defendant Jasper by publishing the Infringing Work on his website and promoting its download without authorization.

27. Plaintiff, through his representatives, sent letters to Defendants on or about July 15, 2010 and October 7, 2010 to notify them of the infringement.

28. Although duly demanded, Defendants Jasper and West failed to compensate Plaintiff Gammacurta for the unauthorized use of his Work.  Defendants continued to keep the Infringing Work posted on their websites for months after being notified of the infringement. This continued infringement was willful and deliberate.

## COUNT I

### (COPYRIGHT INFRINGEMENT; 17 U.S.C. § 101 ET SEQ.)

29. Plaintiff repeats and re-alleges the allegations set forth above in paragraphs 1 through 28 as if fully set forth herein.

30. Plaintiff owns the exclusive copyright to the Work.

31. As set forth above, Defendant Jasper had access to the Work and the Infringing Work is substantially similar to the Work.

32. Defendant Jasper's unauthorized infringement of the Work violates Plaintiff's exclusive rights in and to the Work under the Copyright Act, 17 U.S.C. § 106, and constitutes improper misappropriation of Plaintiff's registered copyright.

33. Defendants Jasper and West knowingly induced, caused, participated in, materially contributed to, and/or derived economic benefit from the infringement of Plaintiff's copyright in and to the Work.

34. Alternatively, Defendant West is also jointly and severally liable for infringement either as an employer of Defendant Jasper, or by having the right and ability to supervise the infringing conduct and by having an obvious and direct financial interest in the exploitation of the Work.

35. Plaintiff is therefore entitled to monetary and other relief, including either statutory damages at the maximum amount due to Defendants' willful conduct, or in the alternative, a recoupment of Plaintiff's actual damages and a disgorgement of Defendants' profits from the Infringing Work.

WHEREFORE, Plaintiff demands a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure on all claims so triable and respectfully requests judgment against Defendants as follows:

(a) Declaring that Defendants' unauthorized copying of Plaintiff's Work willfully infringes copyrights in the Work in violation of the Copyright Act;

(b) Ordering Defendants to destroy all infringing materials, including all discs, images, drives or other storage media that contain infringing copies of Plaintiff's Work;

(c) Awarding Plaintiff statutory damages in the amount of $150,000 pursuant to 17 U.S.C. § 504(c), or in the alternative, pursuant to 17 U.S.C. § 504(b), (i) awarding Plaintiff such actual damages as it has sustained as the result of Defendants' copyright infringement and profits derived by Defendants as a result of their infringing activities, and (ii) ordering Defendants to account for and disgorge to Plaintiff all gains, profits, and advantages derived by its copyright infringement, together with interest thereon;

(d) Awarding Plaintiff his costs and attorneys' fees, pursuant to 17 U.S.C § 505; and

(e) Awarding such other and further relief as the Court deems just and proper.

Dated:  April 8, 2013
        New York, New York

                          **ROTHFARB LAW, PLLC**

                          _____
                          Evan S. Rothfarb (ER-9227)
                          ROTHFARB LAW, PLLC
                          61 Broadway, Suite 3000
                          New York, NY 10006
                          Office: (212) 480-1010
                          Fax:  (212) 480-1011
                          *Attorneys for Plaintiff*